UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL NO. 15-42-DLB-CJS-3

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                              **REPORT AND RECOMMENDATION**

KEVIN R. MITCHELL                                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On May 3, 2017, this matter came before the Court for a Final Revocation Hearing on the U.S. Probation Office's Amended Violation Report dated April 26, 2017, reporting that Defendant Kevin Mitchell had violated conditions of his supervised release. Defendant was present in Court and represented by Steven N. Howe, and the Government was represented by Assistant U.S. Attorney (AUSA) Elaine K. Leonhard.[1] The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV_2-15-cr-42-DLB-CJS_20170503_140330; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, the parties informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the April 26, 2017, Amended Violation Report. In addition, Defendant agreed to waive allocution and his right to appeal any sentence ultimately imposed by presiding District Judge Bunning. In exchange, the Government agreed to a recommended sentence of 6 months of imprisonment with 2 years of

---

[1] AUSA Leonhard appeared on behalf of AUSA Anthony J. Bracke.

supervision to follow. The parties also agreed that immediately upon release to the new term of supervision, Defendant shall be placed in a residential treatment program to be determined by the U.S. Probation Office. The undersigned finds that the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be revoked** and that he be **sentenced to a 6-month term of imprisonment, with a 2-year term of supervised release to follow,** with the special condition that immediately upon his release, he be placed in a residential treatment program as directed by his Probation Officer.

**I.      Background**

On December 3, 2015, Defendant pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. (R. 43). On March 31, 2016, the Court sentenced Defendant to 18 months of imprisonment with a 3-year term of supervised release to follow. (R. 63). Defendant's period of supervision began on February 2, 2017. (R. 70).

On April 19, 2017, United States Probation Officer (USPO) Melissa A. Mutter filed a Petition for Warrant for Offender under Supervision, requesting a warrant be issued to bring Defendant before the Court on charges that he violated conditions of his supervised release. (R. 70). Defendant was arrested, and on April 24, 2017, he was brought before the undersigned for initial appearance on supervised release violations.

As discussed above, at the Final Revocation Hearing, defense counsel informed the Court that Defendant was prepared to admit to the violations contained in the April 26, 2017, Amended Violation Report. Defendant confirmed this was his intention. Prior to taking his plea, the undersigned explained to Defendant the statutory maximum term of incarceration and supervised

release as well as the applicable Guidelines range.² The undersigned further explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of District Judge Bunning as to the final sentence to be imposed. Defendant acknowledged his understanding and stated that he was prepared to admit to the violations in the Amended Violation Report. Defendant also acknowledged that he understands he will not be permitted to withdraw his admission to the violations if the final sentence should differ from what he seeks.

Accordingly, after being placed under oath, Defendant admitted and entered a guilty plea to the violations of his supervised release as set out in the April 26, 2017, Amended Supervised Release Violation Report of U.S. Probation Officer Specialist Melissa A. Mutter. Specifically, Defendant **admitted** to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1:** The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or controlled substance or any paraphernalia related to such substances, except as prescribed by a physician. (Grade C violation).

Defendant provided multiple urine specimens on various dates which tested positive for controlled substances as follows:

---

²Here, because Defendant's underlying criminal offense was a Class C felony, the maximum term of incarceration upon revocation of his supervised release is 24 months. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline (U.S.S.G.) § 7B1.4(a) suggests a revocation range of imprisonment of 4 to 10 months, based upon Defendant's criminal history category of I and his highest admitted violation being a Grade B violation. Defendant may also be placed back on supervised release following any term of imprisonment. The maximum term of further supervised release under the statute would be 3 years to life less any term of imprisonment that is imposed upon revocation. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b).

February 7, 2017: buprenorphine and alcohol
February 22, 2017: cocaine metabolite and alcohol
February 28, 2017: cocaine metabolite
March 3, 2017: cocaine metabolite
March 31, 2017: opiate metabolite
April 5, 2017: opiate metabolite
April 14, 2017: cocaine metabolite

In addition to these positive drug screens, Defendant was revived by paramedics using naloxone after overdosing on heroin on March 25, 2017.

> **Violation No. 2:** The defendant shall participate in a substance abuse treatment program and shall submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. (Grade C violation).

Defendant admitted to missing three appointments scheduled with treatment providers on March 16, March 23, and April 17, 2017, in violation of this condition.

> **Violation No. 3:** The defendant shall not commit another federal, state, or local crime (Grade B violation).

Defendant admitted to using controlled substances (Violation No. 1) which, under Sixth Circuit law, is equivalent to possession of those substances and therefore a violation of federal law, 21 U.S.C. § 844(a).

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his guilty plea to the charges knowingly and voluntarily. Therefore, based on Defendant's plea of guilty to the violations, the undersigned finds and will recommend that the District Court find that Defendant has violated conditions of his supervised release as charged. **Defendant has waived his right to allocution and his right to appeal the sentence ultimately imposed by the presiding District Judge. Both parties also waived the 14-day period to file objections to this Report and**

**Recommendation.** The only issue remaining is the appropriate sentence to impose for the admitted violations.

## II.     Sentencing

Defendant having admitted to violating his supervised release, the question of sentencing is presented. The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In her April 26, 2017, Amended Violation Report, USPO Specialist Mutter recommends a sentence of imprisonment of 6 months, with a 2-year term of supervised release to follow, with the special condition that immediately upon release, Defendant be placed in a residential treatment program to be determined by the Probation Office. Defendant, his counsel, and the Assistant United States Attorney agreed with this recommendation.

After review of the factual circumstances of the violations and the Defendant's case history, the undersigned finds that the agreed-upon recommended sentence is sufficient, but not greater than necessary to comply with the statutory purposes. Specifically, the agreed-upon 6-month term of incarceration falls within the Guidelines range and is sufficient to afford adequate deterrence to Defendant's criminal conduct and to impress upon Defendant the seriousness of abiding by the conditions of his supervised release. Moreover, the recommendation will provide Defendant with the opportunity to participate in a residential substance abuse treatment program immediately upon release to his new 2-year term of supervision. Defendant is in need of residential treatment to facilitate his successful transition back into society and it appears he has not participated in such a residential treatment program to date. To be successful on supervision, Defendant will need to actively participate in treatment and take advantage of the opportunities and support provided him

by the U.S. Probation Office. Further violations, particularly those involving controlled substance abuse, will be a great disappointment and will not be looked upon favorably by the Court.

**III.    Recommendation**

Accordingly, **IT IS RECOMMENDED** that:

1.    Defendant **KEVIN R. MITCHELL** be found to have **VIOLATED** the terms of his supervised release as set out in the April 26, 2017, Amended Violation Report;

2.    Defendant's supervised release be **REVOKED;**

3.    Defendant be **SENTENCED** to the custody of the Attorney General for a **term of imprisonment of 6 months, with credit for time served since his April 24, 2017, detention, and with a 2-year term of supervised release to follow** subject to the same terms and conditions as originally imposed and with the special condition that immediately upon his release, he be placed in a residential treatment program as directed by his Probation Officer; and,

4.    The District Court recommend to the Bureau of Prisons that Defendant be placed at the federal correctional facility located in Ashland, Kentucky, for service of the sentence imposed.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Court Judge for consideration of this Report and Recommendation, Defendant and the United States having waived the period for the filing of objections hereto.

Dated this 5th day of May, 2017.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\15-42 Mitchell R&R final.wpd